[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR TERMINATION OF TEMPORARY ORDER DATED NOVEMBER 6, 2001 (#129) DEFENDANT'S MOTION FOR CONTEMPT DATED NOVEMBER 13, 2001 (#130)
The plaintiff seeks to terminate an order of the court (Dyer, J.) dated September 19, 2001 whereby the plaintiff was ordered, inter alia, to pay to the defendant the sum of $500 per month alimony post judgment. The defendant seeks to hold the plaintiff in contempt for failure to pay the order.
The parties appeared pro se on December 4, 2001 and argued the motions.
The following procedural history is relevant to the disposition of the pending motions. The parties 28 year marriage was dissolved by the court CT Page 790 (Santos, J.) on October 1, 1993. The parties written agreement of even date was found to be fair and equitable and made part of the court file.
With respect to alimony the plaintiff was ordered to pay a share of his entitlement to benefits under the Civil Service Retirement System for his service with the United States Postal Service; 50% of his retirement pay from the United States Air Force and periodic alimony from current income. Within the context of the current alimony provision the parties agreed that neither would make any claim against the other for a share of disability benefits.
Both parties are presently disabled. By plaintiffs motion dated July 6, 2001 (#126) the court (Prestley, J.) suspended the alimony payments temporarily and continued the matter to September 19, 2001. On said date the court (Dyer, J.) rescinded the suspension of alimony on the basis that the defendant had not been served nor had she appeared at the July 6, 2001 hearing. The court further reinstated the alimony and entered an order of $500 per month. (The alimony order suspended by the court on July 6, 2001 had been in the amount of $250 per week payable bi-weekly in the amount of $500 by wage execution).
The plaintiff has no "current income". Because he is now disabled his Air Force pension has increased from $280 per week to $325 per week and the defendant's entitlement of $353.50 has been terminated. With respect to the pension for his employment with the Postal Service the plaintiff receives $249 per week and the defendant receives $331.75 per month. The defendant also receives social security benefits of $138 per month. In summary the plaintiffs monthly gross income is $2,487.33 and the defendant's $569.75. The court finds that the disability of the plaintiff, based upon the agreement of the parties and the Judgment should have affected only his obligation to pay alimony from his current income and should not have affected the defendant's rights to share in the Air Force pension. Such a result is both unfair and inequitable. The plaintiffs benefit has increased from $280 per week to $325 per week. This increased benefit should be paid to the defendant.
The current alimony order is suspended indefinitely until such time as the plaintiff receives "current income" as set forth in the parties agreement and the Judgment. Such suspension shall be effective as of December 4, 2001. Any arrearage shall be paid by the plaintiff to the defendant in 3 equal monthly installments commencing 1 month from the date of this decision. Further, the plaintiff is ordered to pay the defendant the sum of $45 per week as her share of the plaintiffs Air Force Pension.
BY THE COURT, CT Page 791
 ___________________, J. John R. Caruso